IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TIFFANY LUCAS,

                Plaintiff,

v.                                          CIVIL  ACTION  NO.  3:06-0313

GREEN TREE SERVICING LLC, and
WELLS FARGO BANK MINNESOTA,
NA,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Green Tree Servicing LLC (Green Tree)'s partial motion to dismiss (Doc. 7). Green Tree seeks dismissal of the origination claims and all servicing claims asserted against it, alleged to have occurred before certain orders were entered in a bankruptcy proceeding. Green Tree also seeks dismissal of Count I, the claim for unconscionable contract. For the foregoing reasons, Defendant's motion is **DENIED** as moot.

**I.**     **Factual Background**

Plaintiff Tiffany Lucas entered into a loan with MG Investments, Inc., d/b/a PMC Mortgage in February of 1998. According to Plaintiff, MG Investments entered into the loan with the intention of assigning it to Conseco Financing Servicing Corporation (Conseco) shortly after the loan closing, and indeed, did assign the loan to Conseco. Conseco then consolidated Plaintiff's loan with others in the "Conseco Finance Home Equity Loan Trust 2000-F." U.S. Bank National Association (U.S. Bank) then took legal title to the pooled loans as a trustee, though Conseco retained the servicing rights. At some point, U.S. Bank allegedly assigned the loan to the Defendant Wells Fargo Bank

Minnesota, NA (Wells Fargo). In December of 2002, Conseco filed Chapter 11 bankruptcy. In April of 2003, servicing rights to the loans were transferred to Defendant Green Tree Servicing LLC (Green Tree).

In her complaint, Plaintiff asserts a total of five claims: unconscionable contract, fraudulent misrepresentation, breach of duty of good faith, unauthorized charges, and breach of duty of good faith and fair dealing. Defendant filed a partial motion to dismiss seeking dismissal of many, if not all, of the claims asserted by Plaintiff against Green Tree on the basis that the claims are barred by certain orders entered in Conseco's bankruptcy proceeding. Specifically, Green Tree argues that Plaintiff's pre-bankruptcy origination and servicing claims asserted against it should be dismissed. Green Tree also argues that Plaintiff's claim for unconscionable contract should be dismissed because the claim amounts to a claim for predatory lending, which is not recognized by West Virginia.

## II.     Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defending party may move to dismiss if the pleading party has failed to state a claim for which relief may be granted. A Rule 12(b)(6) motion tests the sufficiency of the pleading. It does not resolve factual disputes, "the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering the motion, the claims must be viewed in the light most favorable to the non-moving party and all allegations accepted as true. *Id*. Dismissal is appropriate only when it appears beyond a doubt that no set of facts would entitle the pleader to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**III.     Analysis**

    **A.     Green Tree's Motion to Dismiss Pre-Bankruptcy Claims**

Upon careful examination of the allegations set forth in the amended complaint, and the further clarification provided in Plaintiff's opposition to the motion to dismiss, Plaintiff only alleges claims against Green Tree for its servicing of the loan, which it acquired after the bankruptcy proceedings.  Plaintiff groups her claims into two separate parts discussing the alleged conduct with the corresponding Defendant.  Part A is entitled "Loan Origination," which follows a factual discussion specifically relating to the MG Investments, Inc.  Part B is entitled "Loan Servicing," and begins with paragraphs 24 and 25 discussing generally the servicing problems with Green Tree.  Although Plaintiff's complaint does not contain specific dates of Green Tree's alleged conduct, Counts IV and V concern "problems with the servicing of her loan after the Defendant Green Tree began servicing."  Because Plaintiff acknowledges that Green Tree did not have the servicing rights to her loan pre-bankruptcy, these claims must be referring to post-bankruptcy conduct.

Additionally, in her response to Green Tree's motion, Plaintiff explains that "Green Tree's (the current servicer of the loan and successor to Conseco) involvement in this litigation concerns its own servicing violations, which occurred after it acquired the business, and also nominally to the extent that it attempts to collect on the debt owned by Wells Fargo."  Pl. Suppl. Resp. in Opp. to Dis. at 6.  With no apparent disagreement with Green Tree on this issue, Plaintiff argues that her post-bankruptcy servicing claims against Green Tree are not barred by the bankruptcy proceedings.

Plaintiff further argues that dismissal of its claims against Green Tree is not appropriate because this case is not factually different from the case *Bailey v. Green Tree Servicing*, 316 B.R. 873 (S.D.W. Va. 2004).  Pl. Suppl. Resp. in Opp. to Dis. at 6.  She states that, in *Bailey*, this Court

did not dismiss similar claims which "arose out of the origination of the loan held by U.S. Bank and the post-bankruptcy servicing claims against Green Tree." *Id.* Plaintiff clarifies that her complaint raises claims arising out of the origination of the loan now allegedly held by Wells Fargo, and the post-bankruptcy servicing claims against Green Tree Servicing.

Defendant Green Tree requests dismissal of origination and/or servicing claims asserted against them related to pre-bankruptcy conduct. However, as clarified by Plaintiff herself, Plaintiff only asserts claims related to Green Tree's post-bankruptcy servicing of her loan. Accordingly, Defendant Green Tree's partial motion for dismissal of pre-bankruptcy claims is **DENIED** as moot.

### B. Green Tree's Request to Dismiss the Unconscionable Contract Claim

Green Tree also seeks dismissal of Count I for unconscionable contract arguing that it states a claim for predatory lending, which is not a recognized cause of action in West Virginia. As discussed above, this is a claim asserted against Wells Fargo based upon the origination of the loan by MG Investments. This claim is not asserted against Green Tree. Accordingly, Green Tree's partial motion for dismissal of Count I is **DENIED** as moot.

### IV. Conclusion

For the foregoing reasons, the Defendant Green Tree's partial motion to dismiss claims for pre-bankruptcy conduct and for unconscionable contract is **DENIED** as moot.

The Court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 10, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE